WOODRUFF, SPRADLIN & SMART, APC
CAROLINE A. BYRNE – State Bar No. 196541
cbyrne@wss-law.com
555 Anton Boulevard, Suite 1200
Costa Mesa, California 92626-7670
Telephone: (714) 558-7000
Facsimile: (714) 835-7787

> **CHANGES MADE BY THE COURT.  See ¶ 6.3.**

Attorneys for Defendant CITY OF GARDEN GROVE, a public entity

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL MARLENE LEFF,<br><br>       Plaintiff,<br><br>v.<br><br>CITY OF GARDEN GROVE and DOES 1 through 10, inclusive,<br><br>       Defendants. | CASE NO: 8:19-cv-01034 JFW (ADSx)<br><br>BEFORE THE HONORABLE JOHN F. WALTER<br>COURTROOM 7A<br><br>**[DISCOVERY DOCUMENT; REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]**<br><br>**ORDER RE PROTECTIVE ORDER**<br><br>HEARING DATES PENDING:<br>Type:  Final Pretrial Conference<br>Date:  February 5, 2021<br>Time:  8:00 a.m.<br><br>Type:  Trial<br>Date:  February 23, 2021<br>Time:  8:30 a.m. |

For good cause, the Court finds and orders as follows:

1.    **PURPOSES AND LIMITATIONS**

      Disclosures and discovery activity in this action are likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only

1523680.1

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle any party to file confidential information under seal; the Local Rules set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  The parties agree that this protective order does not waive the parties' rights to object to discovery demands or requests for documents and/or information.

2.  **DEFINITIONS**

2.1  Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.2  "CONFIDENTIAL" Information or Items: Information, documents (regardless of how generated, stored or maintained), or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3  Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4  Designating Party: A Party or Non-Party that designates information, documents, or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5  Disclosure or Discovery Material: All items, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, disclosures, discovery responses, testimony, transcripts, and tangible things), that are produced, disclosed, or provided in disclosures or discovery in this matter.

2.6  Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7  House Counsel: Attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside

counsel.

2.8    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," including any copies, summaries, excerpts, or compilations thereof.

2.14   Receiving Party: A Party that receives Protected Material.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

1523680.1

of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2      <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1523680.1

Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL-PRODUCED PURSUANT TO PROTECTIVE ORDER" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)     for information produced in some form other than documentary form, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the

1523680.1

legend "CONFIDENTIAL-PRODUCED PURSUANT TO PROTECTIVE ORDER." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.  <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1  <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2  <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first, or establishes that the Designating Party is unwilling

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1523680.1

to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.   The Parties agree that any discovery motion will abide by the Local Rules, including the procedures set forth in Local Rules 37-1 and 37-2.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

///

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1523680.1

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    All "CONFIDENTIAL" information produced shall not be used other than in the instant case in any deposition, legal proceeding, for media use/dissemination, or in any other forum, nor shall the "CONFIDENTIAL" information be disseminated in any form, except by court order, or until such time as the "CONFIDENTIAL" designation is removed by agreement of counsel for the parties or by further order of

1523680.1

this court.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)    promptly notify the Designating Party, in writing. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order in the action in which the subpoena or order was issued, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

1523680.1

a Non-Party from seeking additional protections.

(b)　　In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)　promptly notify the Requesting Party and the Non-Party, in writing, that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)　promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)　make the information requested available for inspection by the Non-Party.

(c)　　If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify the Designating Party, in writing, of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

1523680.1

persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.**   **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.**   **MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, nothing in this Protective Order shall be deemed as a waiver of objections previously asserted in response to any discovery requests in this litigation. Finally, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

11

A Party that seeks to file under seal any Protected Material must comply with the applicable Local Rules and General Orders. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, discovery, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO ORDERED.**

DATED: <u>September 30, 2020</u>          <u>      /s/ Autumn D. Spaeth      </u>
                                          HONORABLE AUTUMN D. SPAETH
                                          MAGISTRATE JUDGE OF THE UNITED
                                          STATES DISTRICT COURT

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1523680.1

12

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

## **PROOF OF SERVICE**

## **STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am over the age of 18 and not a party to the within action; I am employed by WOODRUFF, SPRADLIN & SMART in the County of Orange at 555 Anton Boulevard, Suite 1200, Costa Mesa, CA 92626-7670.

On September 29, 2020, I served the foregoing document(s) described as **ORDER RE [PROPOSED] PROTECTIVE ORDER**

☒ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of WOODRUFF, SPRADLIN & SMART for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐ **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by _____ to receive said documents, with delivery fees provided for. I am readily familiar with the practices of WOODRUFF, SPRADLIN & SMART for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by _____ on said date in the ordinary course of business.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on September 29, 2020, at Costa Mesa, California.

/s/ *Laura F. Perez*
LAURA F. PEREZ

1523680.1

13

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

## <u>CRYSTAL MARLENE LEFF v. CITY OF GARDEN GROVE, et al.</u>

**USDC, CENTRAL DISTRICT OF CALIFORNIA**
**CASE NO.  8:19-cv-01034-AG (ADSx)**

**ASSIGNED FOR ALL PURPOSES TO**
**HONORABLE ANDREW J. GUILFORD**
**COURTROOM 10D**
**MAGISTRATE JUDGE AUTUMN D. SPAETH**
**COURTROOM 6B**

### <u>SERVICE LIST</u>

Jerry L. Steering, Esq.                                    Attorneys for Plaintiff
Brenton W. Aitken Hands, Esq.                    **CRYSTAL MARLENE LEFF**
LAW OFFICES OF JERRY L. STEERING
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email:  jerrysteering@yahoo.com
            brentonaitken@gmail.com

07/01/19

1523680.1